IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-74-BO

HOWARD C. MODLIN, JR.,       )
          Plaintiff,      )
                         )
v.                          )          O R D E R
                         )
U.S. DEPARTMENT OF VETERANS   )
AFFAIRS,                )
          Defendant.     )

This cause comes before the Court on defendant's motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motion requesting an attorney. The

appropriate responses or replies have been filed, or the time for doing so has expired, and the

motions are ripe for ruling. For the reasons that follow, this action is dismissed.

## BACKGROUND

Plaintiff, who proceeds in this matter *pro se*, filed a complaint against the United States

Department of Veteran's Affairs, in which he references defendant's July 25, 2014, Institutional

Disclosure letter to plaintiff, which concerns defendant's failure to notify plaintiff of his elevated

PSA[1] levels in a timely manner. Plaintiff seeks damages in the amount of sixteen million dollars.

The attachments to plaintiff's complaint and defendant's motion to dismiss show that in

the spring of 2013 a test by the Veteran's Affairs (VA) hospital revealed that plaintiff had elevated

PSA levels. Plaintiff was referred to a private physician in October 2013, where he was diagnosed

---

[1] Prostate-specific antigen.

with prostate cancer. Plaintiff underwent treatment, and as of February 2, 2017, was free of active disease.

On July 28, 2014, the Chief of Staff at the Durham VA Medical Center sent plaintiff a memorandum in which he notified plaintiff that on July 25, 2014, an institutional disclosure to plaintiff was conducted to apologize because plaintiff did not get treatment for his elevated PSA in a timely manner and plaintiff was not informed of his elevated PSA results. The memorandum further advised plaintiff of his right to file an administrative tort claim and a 1151 disability claim.

Plaintiff proceeded to file disability claim pursuant to 38 U.S.C. § 1151 on June 21, 2016. His § 1151 claim was granted on June 12, 2018. On June 21, 2018, the VA received a document purporting to institute a tort claim, which was returned to plaintiff for completion. Plaintiff was notified that the document he submitted was insufficient to institute a tort claim as it did not constitute a perfected claim. The VA received plaintiff's completed form on July 31, 2018. Plaintiff's tort claim was denied by defendant on August 30, 2018, because the administrative claim was presented more than two years after the claim accrued. Plaintiff's request for reconsideration was denied by defendant on November 20, 2018. Plaintiff instituted this action by filing a motion to proceed *in forma pauperis* on May 13, 2019.

## DISCUSSION

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A court may consider any documents attached to or integral to the complaint without converting the motion to one for summary judgment. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 *et seq.*, represents a limited waiver of the United States' sovereign immunity for "torts committed by its employees while acting within the scope of their official duties . . .." *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). The FTCA's statute of limitations provides that "[a] tort claim shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b).

A tort claim accrues for purposes of the FTCA statute of limitations when the plaintiff possesses "the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). The plaintiff needed not be aware, however, that his injury was inflicted negligently in order for his claim to accrue. *Id.* at 123. Moreover, "[t]he statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould*, 905 F.2d at 745. Finally, the FTCA statute of limitations is not jurisdictional and is subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

At the latest, plaintiff's claim accrued on July 31, 2014, three days after defendant notified plaintiff of its apology for failing to timely inform plaintiff of his elevated PSA test. By that date plaintiff was well aware that he had been diagnosed with prostate cancer and that defendant's action or inaction may have contributed to his injury. Plaintiff did not present his administrative tort claim to defendant until July 31, 2018, four years after his claim accrued. Plaintiff's submission of a letter from his treating urologist, which shows that plaintiff was treated for prostate cancer from 2013 through 2015 [DE 13], does not demonstrate that his claim accrued on a date after July 31, 2014. Additionally, plaintiff's filing of a § 1151 disability claim did not toll the time for filing his FTCA administrative claim. *See Butler v. United States*, 702 F.3d 749, 754 (4th Cir. 2012).

Finally, plaintiff has not demonstrated that he is entitled to equitable tolling of the two-year limitations period. In his agency filings, plaintiff argued that an attorney was at fault for failing to timely present his administrative claim. Equitable tolling of a statute of limitations is generally appropriate only when circumstances beyond the plaintiff's control prevented him from filing within the limitations periods. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Plaintiff has identified no extraordinary circumstances which prevented him from filing within the limitations period. Moreover, attorney error, alone, is not a ground for equitable tolling. *Id.* at 248.

Because plaintiff's claim is plainly barred by the limitations period, his complaint is properly dismissed. Plaintiff's request for the appointment of counsel is therefore denied.

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 10] is GRANTED and plaintiff's motion requesting an attorney [DE 13] is DENIED. The complaint is DISMISSED and the clerk is DIRECTED to close the case.

SO ORDERED, this 30 day of October, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE